PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

MARCUS COSSETTE,

      Plaintiff,

  -v-                                      20-CV-6045 FPG
                                                  DECISION AND ORDER

J. NOETH, S. WHITE, DR. WILLIAMS,

      Defendants.
───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Marcus Cossette, an inmate incarcerated at the Attica Correctional Facility ("Attica"), brought this action seeking relief under 42 U.S.C. § 1983 and state law. ECF No. 1. The Complaint alleged that while incarcerated at the Downstate Correctional Facility ("Downstate"), Plaintiff was assaulted by two other inmates, denied medical care for injuries resulting from the assault, and confined to keeplock without due process. After his transfer to Attica, Plaintiff claimed he was denied pain medication. ECF No. 1. Plaintiff was granted permission to proceed *in forma pauperis*, and upon screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court (1) severed and transferred to the United States District Court, Northern District of New York the claims arising from events at Downstate, (2) dismissed with prejudice the claims against the Attica Correctional Facility and New York State Department of Corrections and Community Supervision and the state law common law claims against Defendants J. Noeth, S. White and Dr. Williams (the "Attica Defendants"), and (3) dismissed without prejudice the § 1983 claims against the Attica Defendants with leave to amend in order allege these Defendants' personal involvement in the alleged denial of medical care at Attica. ECF No. 4.

1

Plaintiff filed two documents both docketed as Amended Complaints. ECF No. 5, 6. It appears from the two documents that Plaintiff did not understand the nature of the Court's prior Order, specifically that part of the Order that severed and transferred the claims arising from events at Downstate to another court. Those claims, as well as the denial of medical care claims against the Attica Defendants, are re-asserted in the two Amended Complaints. The two documents, therefore, will be construed together as the operative pleadings and, for the reasons that follow (1) any and all claims relating to the events at Downstate are stricken from the Amended Complaints because they have previously been severed and transferred, and (2) the claims alleging denial of medical care against J. Noeth, S. White and Williams are dismissed with prejudice because they fail to state a claim upon which relief can be granted.

## DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Amended Complaints under 28 U.S.C. § 1915(e)(2)(B) and 1915A.

## I.  SECTION 1915

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). A district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (internal quotation and

citation omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See id.* at 112.

## II. LEGAL STANDARD

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## III. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a

procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of respondeat superior is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

**IV. THE AMENDED COMPLAINTS**

As noted, Plaintiff has filed two Amended Complaints, which the Court will consider together and treat as the operative pleading. The first of the two re-alleges both the claims that arose from the events at Downstate, ECF No. 5, ¶¶ 3-9, 12-27, 33-36, and pp. 10-11, and the claims alleging the denial of medical care at Attica, *id.*, ¶¶ 9-10, 22, 28-30, and pp. 10-11. The second one is submitted on the Court's form complaint for *pro se* prisoners to use to file a claim under

§ 1983 and, other than listing the names and titles of some of the Defendants, contains no substantive allegations. ECF No. 6.[1]

A liberal construction of the Amended Complaints alleges the following regarding the events following Plaintiff's transfer to Attica in or around September 2019. ECF No. 5, ¶¶ 9-10, 22, 28-30. On August 28, 2019, Plaintiff was assaulted by two inmates at Downstate. He was beaten so severely that he "could no longer move and feared he was going to die." *Id.*, ¶ 15. He was later escorted to the prison hospital where pictures were taken but he was refused x-rays. He suffers from PTSD and the "prison system refuses to help and give treatment, and also refuse[s] further medical attention." *Id.*, ¶ 21.

On September 13, 2019, Plaintiff had x-rays taken at Attica CF of his left ribcage and they revealed two fractured ribs. Plaintiff "was to be placed on" 800 mg. of pain medication but it was never issued and he "still suffers pain and damages till this day." *Id.*, ¶ 22. On September 20 and 26, 2019, Plaintiff sent letters to Attica Superintendent Noeth and Deputy Superintendent White but received no response. On September 27, 2019, he wrote to the Inmate Grievance Resolution Committee (IGRC) and "separate issues in grievance were all corrected but [not] the assault." The assault was "ignored and covered up and [he] received no help to relie[ve] the situation." *Id.*, ¶ 25. At Attica, Dr. Williams, Medical Director, is responsible "for arranging for specialized medical care for inmates." *Id.*, ¶ 28. Plaintiff suffered "severe pain and damages" from the assault at Downstate and "still suffers from those injuries today." *Id.* He risks permanent damage to his left side, "which has already started due to the lack of medical attention and neglect."

---

[1] What may have occurred is that Plaintiff intended to file these two Amended Complaints together but for some reason—*e.g.*, postage allowance, confusion regarding whether he needed to use the form complaint—they were submitted in different envelopes on different dates. The second Amended Complaint contains pages 1-4 and 6-7 of the Court's form complaint, ECF No. 6, and the remaining pages of the form complaint are located near the end of the first Amended Complaint, ECF No. 5, at pp. 9 (p. 5 of the form complaint).

### A. Plaintiff's Claims

Properly construed, the Amended Complaints, like the original Complaint, allege deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. However, Plaintiff again fails to allege the Attica Defendants' personal involvement in the alleged constitutional violation. He alleges only that he twice wrote to Superintendent Noeth and Deputy Superintendent White after not receiving pain medication following an x-ray which revealed two broken rigs but received no response, and that Dr. Williams is responsible for inmate medical care at Attica. ECF No. 5, ¶¶ 25, 28. These are the same allegations pleaded in the Complaint that the Court found previously were insufficient to state a claim against the Attica Defendants. ECF No. 4 at pp. 8-10.

### B. Analysis

As noted in the original screening order, *id.* at 8-9, and above, *see supra* at 4, in order to establish liability under § 1983, a plaintiff must allege the prison official's personal involvement in the alleged constitutional violation; it is not enough to simply allege that the official was a link in the prison chain of command. *See McKenna*, 386 F.3d at 437; *Colon*, 58 F.3d at 873. "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Gayle v. Lucas*, No. 97 Civ. 0883 (MGC), 1998 WL 148416, at *4 (S.D.N.Y. 1998). Plaintiff again fails to allege any more than that he wrote two letters to Noeth and White. This is insufficient to state a claim under § 1983. *See, e.g.*, *Liner v. Goord*, 310 F. Supp. 2d 550, 555 (W.D.N.Y. 2004) ("the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement"); *Richardson v. Coughlin*, 101 F. Supp. 2d 127, 132-133 (W.D.N.Y. 2000) (granting summary judgment to

supervisory official on ground that no personal involvement in constitutional violation shown where defendant merely ignored prisoner's letter of complaint); *Kopec v. Coughlin*, 767 F. Supp. 463, 466 (S.D.N.Y. 1990), *vacated on other grounds*, 922 F.2d 152 (2d Cir. 1991) (holding that failure to respond to plaintiff's letter requesting help does not in itself evince deliberate indifference to plaintiff's medical needs).

Plaintiff was provided the opportunity to expand on these allegations, if he could, but he again has failed to state a plausible claim for relief against Noeth and White, two supervisory non-medical personnel. *Cf. Grullon v. City of New Haven*, 720 F.3d 133, 140–41 (2d Cir. 2013) (At the pleading stage, a plaintiff is "entitled to have the court draw the reasonable inference—if his amended complaint contained factual allegations indicating that the Letter was sent to the Warden at an appropriate address and by appropriate means—that the Warden in fact received the Letter, read it, and thereby became aware of the alleged conditions of which [plaintiff] complained.") Plaintiff, as he did in the Complaint, alleges only that he sent two letters to Noeth and White. He does not allege "when and where the letters were sent, what they said, or how they were sent." *Guillory v. Cuomo*, 616 F. App'x 12, 14 (2d Cir. 2015) (summary order). He alleges nothing regarding Dr. Williams, other than that Williams is responsible for medical care at Attica. Plaintiff therefore fails to plead facts sufficient to "nudge[ ]" his claims "across the line from conceivable to plausible." *Twombly,* 550 at 570.

## CONCLUSION

For the reasons discussed above, the Amended Complaints are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the Clerk of Court is directed to take all steps necessary to close this case. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals

dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See*  28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: June 4, 2020
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District