UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS COSSETTE,

                Plaintiff,

-against-

DOWNSTATE CORRECTIONAL FACILITY, *et al.*,

                Defendants.

20-CV-6427 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at Attica Correctional Facility, brings this action *pro se*. The action arises out of a complaint Plaintiff filed on January 23, 2020, in the United States District Court for the Western District of New York. (*See* ECF No. 1.) In an order dated April 4, 2020, the Western District granted Plaintiff's application to proceed *in forma pauperis* (IFP), severed the claims arising out of conduct that allegedly occurred at Downstate Correctional Facility ("Downstate Claims"), and transferred the Downstate Claims to the United States District Court for the Northern District of New York. (*See* ECF No. 4, 11.) Because Downstate Correctional Facility is located in Dutchess County, on August 12, 2020, the Northern District transferred the Downstate Claims to this Court. (*See* ECF No. 13.) On the same day, this Court's Clerk of Court opened the Downstate Claims as a new civil action.

    Although the Western District granted Plaintiff's IFP application, the severed claims constitute a new civil action. *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (internal quotation marks and citation omitted) (holding that "severed claims become entirely independent actions to be tried, and judgment entered thereon, independently"). Thus, Plaintiff must either pay the relevant filing fees or seek IFP status for this new action. *See Abreu v. Brown*, ECF 1:18-CV-1634, 58, 2018 WL 10125142, at *1 (S.D.N.Y. Mar. 16, 2018)

(holding severed claims constitute a new action and requiring plaintiff to pay the fees or submit an IFP application); *see also Perkins v. City of New York*, ECF 1:14-CV-3779, 46, 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (severing multiple prisoners' claims into new actions and requiring each prisoner to submit a new IFP application).

To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed IFP, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 20-CV-6427 (CM).[2]

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new federal civil action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 26, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge