UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCUS COSSETTE,

Plaintiff,

-against-

DOWNSTATE CORRECTIONAL FACILITY, *et al.*,

Defendants.

---

20-CV-6427 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated at Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was incarcerated at Downstate Correctional Facility. By order dated November 25, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

# DISCUSSION

## A.    Eleventh Amendment

Plaintiff's § 1983 claims against the New York State Department of Corrections and Community Supervision (DOCCS) and Acting Commissioner Anthony Annucci are barred by the Eleventh Amendment and must dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Here, Plaintiff names as defendants DOCCS and Acting DOCCS Commissioner Annucci, who Plaintiff does not allege was involved personally in any conduct. As these defendants are effectively arms of the State of New York, they are immune from liability under the Eleventh Amendment. Thus, the Court dismisses Plaintiff's claims against these two defendants.

## B.    Private parties

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Hardy and Watkins, who are also prisoners, are private parties who do not work for

2

any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983. The Court therefore dismisses Plaintiff's claims under § 1983 against these defendants.

**C.      Service on Defendants Burnett, Malvarosa, Edwards, and Pavez**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Deputy Superintendent Burnett, Dr. Malvarosa, Correction Officer Edwards, and Sergeant Pavez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to

issue summonses for those defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.     Unidentified "John Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General to identify "John Does #1 - #3."[2] It is therefore ordered that the Attorney General, who is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity and badge number of each "John Doe" whom Plaintiff seeks to sue here and the address where each of those defendants may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the pleading and, if necessary, issue an order directing the Clerk of Court to

---

[2] John Does #1-#3 interacted with Plaintiff on August 28, 2019 as follows: John Doe #1 approached Plaintiff at Plaintiff's cell after an alleged assault; John Doe #2 escorted Plaintiff to segregated housing; and John Doe #3 interviewed Plaintiff after the alleged assault. (*See* ECF 5, at 3-5.)

complete the USM-285 forms with the addresses for the newly identified defendants and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

**E.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Deputy Superintendent Burnett, Dr. Malvarosa, Correction Officer Edwards, and Sergeant Pavez must serve responses to these standard discovery requests. In their responses, these defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court construes the two amended complaints (ECF 5-6) as the operative pleading and directs the Clerk of Court to add the defendants listed in both submissions to the caption of this action – that is: (1) the Department of Corrections and Community Supervision (DOCCS); (2) DOCCS Acting Commissioner Anthony Annucci; (3) Hardy; (4) Watkins; (5) John Does #1, a correction officer; (6) John Doe #2, a correction officer; (7) John Doe #3, a sergeant; (8) Burnett, the Deputy Superintendent of Security at Downstate; (9) Dr. Malvarosa, the Medical Director at Downstate; (10) Correction Officer Edwards and (11) Sergeant Pavez.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

The Court dismisses the claims brought against DOCCS and Annucci because they are immune from liability, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and dismisses all claims brought under § 1983 against Hardy and Watkins for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue summonses and complete the USM-285 forms with the addresses for Deputy Superintendent Burnett, Dr. Malvarosa, Correction Officer Edwards, and Sergeant Pavez and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service. The Clerk of Court is directed to mail a copy of this order and the amended complaints (ECF 5-6) to the New York State Attorney General at: 28 Liberty Street, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    February 3, 2021
          White Plains, New York

                                        _____
                                        CATHY SEIBEL
                                        United States District Judge

6

## DEFENDANTS AND SERVICE ADDRESSES

1. Deputy Superintendent Burnett
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445

2. Dr. Malvarosa
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445

3. Correction Officer Edwards
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445

4. Sergeant Pavez
   Downstate Correctional Facility
   121 Red Schoolhouse Road
   P.O. Box 445
   Fishkill, NY 12524-0445

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes     ☐ No
(check one)

___ Civ. _____ (   )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

*Rev. 01/2010*                          1

Defendant No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

II.     **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.     Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

### III.  Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.  Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____   No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes _____   No _____   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes _____   No _____   Do Not Know _____

   If YES, which claim(s)?

_____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes _____   No _____

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes _____   No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

   1.   Which claim(s) in this complaint did you grieve?

_____
_____

   2.   What was the result, if any?

_____
_____

   3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

_____
_____
_____
_____

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

_____
_____
_____

_____
_____
_____
_____

2.   If you did not file a grievance but informed any officials of your claim, state who you
     informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
     remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

V.   **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount).   _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                                   5

_____
_____
_____
_____

**VI.**    **Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

      Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

     1.    Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2. Court (if federal court, name the district; if state court, name the county) _____
     _____

_____ 3.    Docket or Index number _____
_____ 4.    Name of Judge assigned to your case_____
     5.    Approximate date of filing lawsuit _____
     6.    Is the case still pending? Yes _____ No _____
         If NO, give the approximate date of disposition_____
     7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
        _____
        _____

<div style="border:1px solid black; display:inline-block">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

     Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

     1.    Parties to the previous lawsuit:

     Plaintiff _____
     Defendants _____

     2.    Court (if federal court, name the district; if state court, name the county) _____
     _____

_____ 3.    Docket or Index number _____
_____ 4.    Name of Judge assigned to your case_____
     5.    Approximate date of filing lawsuit _____

6.     Is the case still pending?  Yes _____  No _____
       If NO, give the approximate date of disposition_____

7.     What was the result of the case?  (For example:  Was the case dismissed?  Was there
       judgment in your favor?  Was the case appealed?)  _____
       _____
       _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

                              Signature of Plaintiff      _____

                              Inmate Number              _____

                              Institution Address        _____

                                                         _____

                                                         _____

                                                         _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                              Signature of Plaintiff:  _____